**The STATE of Texas, Appellant,**

v.

**Donald Edward WEISS, Appellee.**

**No. 09–98–072 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 16, 1999.

Decided Nov. 10, 1999.

Rehearing Overruled Jan. 5, 2000.

Michael R. Little, Dist. Atty., Liberty, for state.

Jerry E. Andress, Liberty, for appellee.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

A jury convicted Donald Edward Weiss of capital murder. Weiss was then sentenced to life imprisonment in the Texas Department of Criminal Justice – Institutional Division. Weiss filed a motion for a new trial on the basis of newly discovered evidence. Following a hearing on that motion, the trial court granted Weiss a new trial. The State appeals alleging the trial court abused its discretion in granting Weiss' motion for new trial.

■ The granting of a motion for new trial rests within the sound discretion of the trial court and we will not reverse that decision absent an abuse of discretion. *See State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." *Fleming v. State*, 973 S.W.2d 723, 730 (Tex.App.—Beaumont 1998, no pet.); Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp.1999). There are four requirements for obtaining a new trial upon newly discovered evidence: (1) the newly discovered evidence was unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence was not due to his want of diligence; (3) the evidence would probably bring about a different result in another trial; and (4)

the evidence is admissible and not merely cumulative, corroborative, collateral or impeaching. *Moore v. State*, 882 S.W.2d 844, 849 (Tex.Crim.App.1994) (citing *Drew v. State*, 743 S.W.2d 207, 226 (Tex.Crim.App. 1987)). The State attacks all four requirements in its initial four points of error.

■ The State's arguments regarding all four prongs focus upon evidence the State contends Weiss should have produced at the hearing. The State misunderstands its posture on appeal. Based upon the evidence before it, the trial court found a new trial was warranted.[1] On appeal, the State must produce a record establishing that finding was an abuse of discretion. As the Court of Criminal Appeals noted in *Gonzalez*, "[w]hen the State acquired the right to appeal ... the State acquired the corresponding duty to provide the appellate court a record subject to meaningful appellate review." *Gonzalez*, 855 S.W.2d at 695. The hearing "provides either party an opportunity to develop a record for appellate review, should either party elect to appeal the decision on the motion for new trial." *Id. Gonzalez* directs "[a]n appellate court should not fault a trial judge for granting a motion for new trial when the State fails to provide an appellate record establishing an abuse of discretion." *Id.* Thus, we do not review the record *de novo* to determine if Weiss met his burden—we review the record only to determine whether the trial court's decision is within the zone of reasonable disagreement. *See Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex.Crim.App. 1990) (op. on reh'g); *Johnson v. State*, 988 S.W.2d 958, 961 (Tex.App.—Beaumont 1999, no pet.).

At the hearing on the motion for new trial, Cadilia Collins testified that on the morning Bobby Evans was shot, Eddie Lawrence Smith[2] came to her home and

---

1. We note the trial judge conducted not only the trial resulting in Weiss' conviction from which he appeals, but a previous trial ending in a mistrial. Consequently, the trial judge was well aware of all the facts surrounding the case.

2. At the time of the hearing, Eddie Smith was confined in the Eastern Corrections Institu-

admitted to shooting Bobby. Smith had approximately $2,500, an ounce of speed, and two pounds of marihuana with him which he said came from Bobby's trailer. Cadilia testified Smith had a shotgun and a handgun and blood on his boots. Cadilia said she told her sister-in-law, Melissa Collins, but did not tell anyone else because she did not want to get involved. Cadilia agreed that there would have been no way for the defense to find out what she knew unless she came forward.

Larry Collins, Cadilia's husband, testified that Smith brought over $2,000, a large quantity of marihuana, and a large quantity of methamphetamines to his home. Larry asked Smith "where he'd got all the dope and the money" and Smith said he got it when he robbed Bobby. Smith further said "he ended up shooting Bobby." According to Larry, he did not reveal the information he had because he was scared he would "get in some kind of trouble."

The State called Jim Bates, an investigator with the Sheriff's Department, to testify. Bates' testimony was offered to impeach Cadilia. According to Bates, his investigation of the crime scene indicated Bobby was shot on his living room couch, contrary to Cadilia's testimony that Smith claimed to have shot Bobby in a ditch, taken him back in the house, and put him on the couch. Furthermore, a .22 caliber shell was found in the residence, close to the head on the floor. Bates testified there was nothing about the crime scene which suggested Bobby was shot elsewhere. The State also offered into evidence an affidavit by Smith wherein he denied shooting Bobby or saying he did.

■■■ The State argues Cadilia's testimony relating Smith's statements is hearsay and therefore inadmissible. As to Cadilia's testimony at the hearing, the State failed to preserve error. When Defense Exhibit No. 1 was offered into evidence, the State affirmatively replied, "no objec-

tion in Pendleton, Oregon.

tion." That exhibit is an affidavit by Cadilia containing the same hearsay statements later objected to by the State. In fact, the State belatedly made a hearsay objection to the affidavit, after it was received into evidence. An objection must be timely in order to preserve error. *See* TEX. R. APP. P. 33.1(a)(1); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991)(to be timely an objection must be made before the evidence was actually admitted or as soon as the objectionable nature of the evidence became apparent). Furthermore, the State admitted into evidence as State's Exhibit No. 1 a statement by Cadilia containing the same hearsay statements. Regarding the substantive issue of admissibility for the third prong, the hearsay statements are clearly admissible as an admission against interest. *See* TEX.R. EVID. 803(24).

■■■ The State's evidence did call into question the credibility of Cadilia and Larry Collins. But we are "mindful of the rule that as the trier of fact the weight and credibility of the testimony is for the trial judge to determine." *State v. Hartman*, 810 S.W.2d 22, 23 (Tex.App.—Beaumont 1991, no pet.). The trial court is free to accept or reject all or any part of the testimony of any witness. *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex.Crim.App. 1995).

We find the record does not establish an abuse of discretion by the trial court. *See Gonzalez*, 855 S.W.2d at 696–97. Points of error one, two, three and four are overruled.

■■■ In its fifth point of error, the State contends the trial court erred in allowing Larry's testimony into evidence. At the hearing, the State moved to strike Larry's testimony on the grounds it was outside the motion for new trial. The trial court overruled the State's motion. On appeal, the State's complaint is that "none of instruments filed by Appellee, including his Motion for New Trial ... and the

affidavit of Cadilia Collins ... in any way whatsoever mentioned Larry Joe Collins or any admissions made by Eddie Smith to Larry Joe Collins." The State does not argue it was unaware of the content of Larry's testimony, that Smith claimed to have killed Bobby, only that Smith made that claim to Larry as well as to Cadilia. Therefore, Larry's testimony was not "outside" the motion for new trial, which was based upon new evidence that Smith claimed to have killed Bobby. We find the State was sufficiently apprised as to why Weiss believes himself entitled to a new trial. *See Gonzalez,* 855 S.W.2d at 695. Point of error five is overruled.

In its final point, the State claims the trial court committed reversible error in summing up, discussing, and commenting on the evidence in the case. We agree the trial court erred. However, as the State acknowledges, such error is not reversible unless we consider those comments. Accordingly, we have not considered any evidence other than that presented by the parties at the hearing. Point of error six is overruled.

The judgment of the trial court is AFFIRMED.