The STATE of Texas, Appellant,

v.

Dennis Lee PILKINTON, Appellee.

No. 09–98–142CR.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 21, 1999.

Decided Dec. 1, 1999.

Scott W. Rosekrans, Crim. Dist. Atty., Coldspring, for the State.

Richard R. Burroughs, Cleveland, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Dennis Lee Pilkinton was found guilty of aggravated assault in a jury trial and sentenced to four years of confinement in the Texas Department of Criminal Justice, Institutional Division. The trial court granted Pilkinton's motion for new trial based upon ineffective assistance of counsel. The State of Texas perfected this appeal, raising two points of error. TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(3) (Vernon Pamph.2000). The record of the jury trial has not been filed in this appeal. Therefore, we assume the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the points of error raised on appeal. TEX. R.APP. P. 34.6(c)(4).

Point of error one contends, "The trial court abused its discretion by granting Appellee's motion for new trial because there was no evidence before the trial court supporting Appellee's motion for new trial." The motion for new trial alleged trial counsel was ineffective in that he: 1) failed to advise Pilkinton of a plea bargain offer for deferred adjudication; 2) called Pilkinton to testify when Pilkinton had a prior record and was not made aware that he did not have to testify; 3) failed to properly investigate the facts; and 4) advised Pilkinton's father to invoke his privilege against self-incrimination.

The standard of review on appeal by the State from an order granting a motion for new trial is abuse of discretion. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). The trial court is in the best position to weigh the credibility of the new evidence presented during the hearing on the motion for new trial against the evidence presented at trial; therefore, the trial court does not abuse its discretion in granting a motion for new trial where there is conflicting evidence on a fact issue. *See Lewis v. State*, 911 S.W.2d 1, 7 (Tex.Crim.App.1995)(upholding the denial of a motion for new trial based on jury misconduct).

The State's contention that there is no evidence supporting the allegations contained in Pilkinton's motion for new trial is simply incorrect. Several affidavits were admitted into evidence during the motion for new trial hearing. An affidavit by the District Attorney stated that on June 25, 1997, he communicated a plea bargain offer of probation to trial counsel. The affidavit of trial counsel states he communicated the plea bargain offer to Pilkinton shortly after trial counsel received the written offer. The affidavit of Pilkinton's wife stated trial counsel never told her or Pilkinton that he had an offer of deferred adjudication and never advised her of any offer of probation for Pilkinton. The affidavit of Pilkinton's father stated trial counsel never conveyed the offer of probation

to him or to Pilkinton so far as he was aware. Pilkinton's affidavit stated trial counsel never told him about any offer of probation or deferred adjudication in Cause No. 7880. The trial court considered conflicting evidence regarding whether trial counsel communicated the plea bargain offer to his client. The evidence that the offer was communicated to Pilkinton is not so overwhelming compared to the evidence that the offer was not communicated to him so as to compel a finding contrary to that made by the trial court. The trial court's ruling is supported by evidence of ineffective assistance of counsel. *See Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex.Crim.App.1987)(failure to inform client of plea bargain offer constitutes ineffective assistance of counsel). Point of error one is overruled.

Point of error two urges: AThe trial court abused its discretion when it granted the Appellee a hearing on his motion for new trial because his motion was insufficient as a pleading." The motion for new trial was neither verified nor supported by an affidavit. The State filed a written objection to the lack of verification and raised the objection at the commencement of the hearing, preserving error for appellate review. TEX.R.APP. P. 33.1.

 The requirement of an affidavit or verification as a prerequisite for an evidentiary hearing has been judicially imposed. *McIntire v. State*, 698 S.W.2d 652, 658 (Tex.Crim.App.1985); *Hicks v. State*, 75 Tex.Crim. 461, 171 S.W. 755, 763 (1914)(opinion on rehearing). There is further support for the affidavit requirement in the Rules of Appellate Procedure, which require verification of motions requiring proof of facts not in the record. TEX. R.APP. P. 10.2. If a defendant's motion for new trial and supporting affidavit are sufficient, a hearing on the motion is mandatory if the motion raises matters that cannot be determined from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App. 1993). On the other hand, it is well-settled that a defendant is not entitled to an evidentiary hearing on an unsupported motion for new trial. The cases cited by the State in support of this proposition are from the denial of a hearing on a motion for new trial. *See Jordan v. State*, 883 S.W.2d 664 (Tex.Crim.App.1994); *Callahan v. State*, 937 S.W.2d 553 (Tex.App.— Texarkana 1996, no pet.); *Sandoval v. State*, 929 S.W.2d 34 (Tex.App.—Corpus Christi 1996, pet. ref'd); *DeGay v. State*, 923 S.W.2d 847 (Tex.App.—Beaumont 1996, pet. ref'd). *Hicks* states:

We think there can be no sort of doubt but that these authorities establish, beyond question, that, in order for appellant to have had considered his ground of motion attacking the verdict of the jury on any matter extrinsic the record itself, as a matter of pleading, he must support it by his own affidavit or the affidavit of some one else specifically showing the truth of the grounds of attack. And when it is not so sworn to or supported, it presents no question requiring the lower court to consider or investigate it.

*Hicks v. State*, 171 S.W. at 763.

In drafting its opinion, the *Hicks* court obviously did not consider the situation in which the trial court heard and granted the defective motion for new trial, because at that time the State could not appeal. TEX. CONST. art. 5, § 26 (amended 1987).

 Certainly, it would not have been error for the trial court to have denied Pilkinton a hearing on his motion for new trial. The State argues the converse position to that expressed in the above-stated authorities: if the motion is not supported by affidavit or verification, then no hearing on the motion may be had. The issue here is whether the trial court abuses its discretion in conducting an evidentiary hearing on an unverified motion for new trial. Assuming, for the sake of argument, that the trial court abused its discretion in conducting a hearing based upon a defective motion for new trial over the State's objection, in this case the State has failed to

establish that the trial court's error affected substantial rights. TEX.R.APP. P. 44.2. The motion for new trial apprised the State of the grounds upon which Pilkinton sought a new trial, including defense counsel's failure to inform Pilkinton of a plea bargain offer. The trial court considered the motion on affidavits. The State had prepared affidavits from trial counsel and the prosecutor; these affidavits were admitted into evidence. The State did not claim to be surprised by the contents of Pilkinton's affidavits. The prosecutor did not seek a continuance to gather more evidence or to bring in live witnesses, although more than ten days remained during which the trial court could hear the motion for new trial. TEX.R.APP. P. 21.8(a). We find the trial court's decision to conduct an evidentiary hearing upon a motion for new trial not supported by affidavit did not affect substantial rights. Point of error two is overruled. The trial court's order granting motion for new trial is affirmed.

AFFIRMED.