Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



THE STATE OF TEXAS,

                            Appellant,

v.

JOSE ORDONEZ,

                            Appellee.

§

§

§

§

§

No. 08-03-00368-CR

Appeal from the

409th District Court

of El Paso County, Texas

(TC# 20020D03567)




O P I N I O N

           This is a State’s appeal from the order of the trial court granting appellee’s motion for
new trial. We reverse the order of the trial court.
I. SUMMARY OF THE EVIDENCE
           Appellee, Jose Ordonez, was convicted by a jury of aggregated theft of $20,000 or
more but less than $100,000. The court assessed punishment at six years’ community
supervision. Appellee filed a motion for new trial alleging, among other things, that juror
Maria Ochoa committed jury misconduct by considering appellee’s failure to testify at trial. 
The State filed a written reply contending that Tex. R. Evid. 606(b) precluded admission of
any evidence which served to impeach her verdict. After a hearing, the court granted the
motion for new trial.
           At the hearing on his motion for new trial, appellee called one of his trial attorneys,
Enrique Chavez. The State lodged an objection to this testimony under Rules 606(b) and 802
and the court overruled the objection. The trial judge noted that at the end of the case, he in
the company of the attorneys for the parties went to converse with the jurors. Based on that
fact, the court overruled the objection.
           Attorney Chavez testified that at the meeting with the jurors, one juror, Maria Ochoa,
stated, “[I]f the Defendant were innocent, he would have testified.” The State again objected
to his testimony on the prior grounds. The objection was overruled. After more discussion
regarding this matter, the court orally ruled:
The Court cannot see how the Defendant’s 5th Amendment rights were
not violated beyond a reasonable doubt based on the juror’s statement, and
based on that, the Court is going to grant the Defendant’s motion for a new
trial in the interest of justice.

           The court entered a written order granting the motion for new trial stating the
defendant was not afforded his right to remain silent as guaranteed by the 5th and 14th
Amendments.
II. DISCUSSION
           The trial court’s decision to grant a new trial in the interest of justice is measured by
an abuse of discretion standard. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993). The reviewing court should examine the record to determine if the trial court granted
a new trial in an arbitrary manner without reference to any guiding rules or principles. 
Jimenez v. State, 67 S.W.3d 493, 509 (Tex. App.--Corpus Christi 2002, pet. ref’d). The
decision to grant a new trial will be reversed if the trial court’s decision was so clearly wrong
as to lie outside that zone within which reasonable persons might disagree. Id.
           In two issues, the State maintains that the court erred in admitting testimony and
evidence concerning the statement of juror Ochoa that she considered appellee’s failure to
testify and the court abused its discretion in granting a new trial based on her statement.
Appellee responds that the State waived error in the first instance by failing to properly
object to the testimony of Attorney Chavez.
           To preserve a complaint for our review, a party must have presented to the trial court
a timely request, objection, or motion that states the specific grounds for the desired ruling
if they are not apparent from the context of the request, objection, or motion. Tex. R. App.
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g),
cert. denied, 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request,
objection, or motion, expressly or implicitly, or refused to rule, and the complaining party
objected to the refusal. Tex. R. App. P. 33.1(a)(2); see also Taylor v. State, 939 S.W.2d 148,
155 (Tex. Crim. App. 1996). An objection preserves only the specific ground cited. Tex.
R. App. P. 33.1(a)(1)(A); Mosley, 983 S.W.2d at 265.
           In the instance case it appears that the State objected on two applicable evidentiary
rules and obtained a ruling from the court. The issue has been preserved on appeal.
           Rule 606(b) provides:
(b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into the
validity of a verdict or indictment, a juror may not testify as to any matter or
statement occurring during the jury’s deliberations, or to the effect of anything
on any juror’s mind or emotions or mental processes, as influencing any juror’s
assent to or dissent from the verdict or indictment. Nor may a juror’s affidavit
or any statement by a juror concerning any matter about which the jury would
be precluded from testifying be admitted in evidence for any of these purposes.
However, a juror may testify: (1) whether any outside influence was
improperly brought to bear upon any juror; or (2) to rebut a claim that the juror
was not qualified to serve.

           Tex. R. Evid. 606(b).
           Under this rule, jurors are no longer competent to testify that they decided the verdict
by lot, that they decided the case based on another juror’s incorrect statement of the law, or
that they discussed the defendant’s failure to testify and used that failure as a basis for
convicting him. Hines v. State, 3 S.W.3d 618, 621 (Tex. App.--Texarkana 1999, pet. ref’d).
           Citing State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993), appellee
maintains that the court was entitled to grant a new trial in the interest of justice. However,
it is clear that this ruling was predicated upon evidence that was not competent under Rule
606(b). Accordingly, we grant Issue Nos. One and Two and we reverse the trial court’s order
granting appellee’s motion for new trial and we order the reinstatement of the conviction.


                                                                              RICHARD BARAJAS, Chief Justice
January 13, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Publish)