In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-04-013 CR


____________________



THE STATE OF TEXAS, Appellant



V.



AMY VANESSA KRUEGER, Appellee






On Appeal from the County Court at Law No. 3


Montgomery County, Texas


Trial Cause No. 02-178672






OPINION


 Appellee, Amy Vanessa Krueger, was found guilty by a jury of the misdemeanor
offense of Driving While Intoxicated, and elected to have punishment assessed by the trial
court. Appellee was sentenced to confinement in the Montgomery County Jail for a period
of 120 days, and fined $200. Imposition of confinement was suspended by the trial court
with appellee being placed on community supervision for one year. 

 Krueger filed a motion for new trial alleging violations of Tex. R. App. P. 21.3(f)
& (g). See generally Tex. R. App. P. 21. Following a number of post-trial hearings, some
of which focused on the issues raised in Krueger's new trial motion, the motion was
ultimately granted and a new trial ordered. The written order setting out the trial court's
new trial relief, signed December 19, 2003, includes the handwritten notation that the
motion was granted "in the interest of Justice." The State then timely perfected this
appeal. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(3), (d) (Vernon Supp. 2005). 
The State frames its lone appellate issue as follows: "The trial court abused its discretion
in granting the motion for new trial on the basis of the unsworn, out-of-court statements
of jurors about their deliberations." 

 The standard of appellate review when a trial court grants a motion for new trial 
is abuse of discretion. See State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App.
1993). A recital of some of the facts pertinent to the State's appellate issue is in order. 
Following the return of its verdict of "guilty," the jury was addressed by the trial court,
and invited to return to the jury room for an informal chat with the judge and the attorneys. 
Evidently, during this post-trial conversation, two of the jurors made comments that
indicated they may have gone outside the properly-introduced evidence in reaching their
verdict. The motion for new trial was granted based on the recollections of the trial judge
without any testimony from any source. (1) 


 Throughout the hearing on Krueger's motion for new trial, the State continued to
urge that the trial court simply had no competent evidence from which to grant the motion. 
The trial court, on the other hand, continued to stress his personal knowledge of what he
was told during the chat with the jurors, and the fact that both the State and defense
counsel had also been present. We take note of the fact that at no point in any of the
hearings did the State lodge an objection to the trial judge's reliance on his own
independent knowledge of information he believed pertinent to the new trial motion. The
State is correct that the information the judge was recalling derived from circumstances
involving neither sworn testimony nor from the judge having witnessed it in the course of
Krueger's trial. When it became clear that the trial judge intended to rely solely on this
independent knowledge, the State did not attempt to have him recuse himself from any
further matters underlying the motion for new trial. See Tex. R. Civ. P. 18a & 18b(2). (2)

 In George v. State, 20 S.W.3d 130, 141 (Tex. App.--Houston [14th Dist.] 2000,
pet. ref'd), the court found that similar articulated recollections by a trial judge during a
hearing on a motion for new trial violated Tex. R. App. P. 21.8(b) ("In ruling on a motion
for new trial, the court must not summarize, discuss, or comment on evidence."). The
Court distinguished the trial judge's articulated recollections, which are not permissible,
from the more common, and otherwise permissible, practice of "clarifying the record." 
George, 20 S.W.3d at 139-41.

 The Court in George, however, did not reach the issue of whether such statements
from a trial judge made during a new trial hearing were testimonial in nature and therefore
violative of Tex. R. Evid. 605. ("The judge presiding at the trial may not testify in that
trial as a witness. No objection need be made in order to preserve the point."). George,
20 S.W.3d at 140-41.

 The State relies on State v. Ordonez, 156 S.W.3d 850 (Tex. App.--El Paso 2005,
no pet.) as authority for its position. The factual background in Ordonez is strikingly
similar to the facts here. Following his conviction for aggregated theft, Ordonez filed a
motion for new trial alleging juror misconduct on the part of one juror, M.O. Id. at 850-51. At the new trial hearing, over the State's objections based upon Tex. R. Evid. 606(b)
and 802, (3) Ordonez called his trial counsel as a witness. The trial judge took note of the
fact that, following the conclusion of the trial, he and the attorneys for the parties met and
conversed with the jurors. Based upon that fact, the judge overruled the State's objections. 
Id. at 851. Ordonez's trial counsel then testified that juror M.O. stated to him, "[I]f the
Defendant were innocent, he would have testified." Id. The State's repeated objections
based on Rules 606(b) and 802 were again overruled, with the trial judge ultimately
providing the following articulated ruling: "The Court cannot see how the Defendant's 5th
Amendment rights were not violated beyond a reasonable doubt based on the juror's
statement, and based on that, the Court is going to grant the Defendant's motion for a new
trial in the interest of justice." (emphasis added) Id. The trial judge's written order
granting the new trial motion stated, "[T]he defendant was not afforded his right to remain
silent as guaranteed by the 5th and 14th Amendments." Id. The State appealed this
ruling. Id. at 850. 

 The El Paso Court first found the State had indeed preserved a complaint for
appellate review by having objected under both Rule 606(b) and 802. Id. at 851-52. 
Then, after setting out the language of Rule 606(b) in its entirety, the El Paso Court
concluded its analysis and held the following:

 Under this rule [606(b)], jurors are no longer competent to testify that
they decided the verdict by lot, that they decided the case based on another
juror's incorrect statement of the law, or that they discussed the defendant's
failure to testify and used that failure as a basis for convicting him. Hines
v. State, 3 S.W.3d 618, 621 (Tex. App.--Texarkana 1999, pet. ref'd).

 Citing State v. Gonzalez, 855 S.W.2d 692, 694 (Tex. Crim. App.
1993), appellee maintains that the court was entitled to grant a new trial in
the interest of justice. However, it is clear that this ruling was predicated
upon evidence that was not competent under Rule 606(b). Accordingly, we
grant Issue Nos. One and Two and we reverse the trial court's order granting
appellee's motion for new trial and we order the reinstatement of the
conviction. 


Id. at 852.

 Ordonez appears to be squarely on point with the facts and issue raised in the instant
appeal. However, notable distinctions exist between the two cases. In Ordonez, sworn
testimony was elicited from a non-juror witness, Ordonez's trial counsel, as to what juror
M.O. said during the post-trial discussion. This appears to be the lone piece of evidence
used by the trial judge to make his ruling. The El Paso Court ruled that such evidence was
not competent under Rule 606(b). We agree. 

 A trial court is given wide latitude in making the decision whether to grant or deny
a motion for new trial, and, in the absence of an abuse of discretion, an appellate court
should not reverse. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995). When no
express fact findings are made, or are not permitted per Rule 21.8(b) when a judge rules
on a new trial motion, appellate courts should "impute implicit factual findings that support
the trial judge's ultimate ruling on that motion when such implicit factual findings are both
reasonable and supported in the record." See Charles v. State, 146 S.W.3d 204, 213
(Tex. Crim. App. 2004). 

 However, a motion for new trial is not self-proving. See Lamb v. State, 680
S.W.2d 11, 13 (Tex. Crim. App. 1984); Jackson v. State, 139 S.W.3d 7, 20 (Tex. App.--Fort Worth 2004, pet. ref'd). For example, an affidavit attached to the motion, without
more, is merely a pleading that authorizes the introduction of supporting evidence and is
not evidence itself. See Jackson, 139 S.W.3d at 20 (citing Stephenson v. State, 494
S.W.2d 900, 909-10 (Tex. Crim. App. 1973), and Walker v. State, 440 S.W.2d 653, 659
(Tex. Crim. App. 1969)). To constitute evidence, the affidavit must be introduced as
evidence at the hearing on the motion. See Stephenson, 494 S.W.2d at 909-10; Walker,
440 S.W.2d at 659; Jackson, 139 S.W.3d at 20. 

 In the instant case, even if the trial judge's audible recollections contained in the
record could be characterized as a species of "judicial notice," a court's judicial notice-taking is not without limit. See Tex. R. Evid. 201; Turner v. State, 733 S.W.2d 218, 221-22 (Tex. Crim. App. 1987) (Generally, in a criminal case, a trial court is permitted to take
judicial notice of all its own records including all judgments and convictions entered by
it.). However, "[a] judicially noticed fact must be one not subject to reasonable dispute
in that it is either (1) generally known within the territorial jurisdiction of the trial court
or (2) capable of accurate and ready determination by resort to sources whose accuracy
cannot reasonably be questioned." Tex. R. Evid. 201(b). 

 Under the facts and circumstances before us, in which the jury misconduct alleged
by Krueger appears only through audible recollections by the judge presiding over the new
trial hearing, the judge's recollections may not constitute "judicial notice" of the truth of
any factual assertions or declarations which were expressed by any jurors during the
informal chat session. The jurors' assertions are not the kinds of "facts" that a court may
judicially notice. See id.; Jackson, 139 S.W.3d at 21 (citing Tex. Dep't of Public Safety
v. Claudio, 133 S.W.3d 630, 632-33 (Tex. App.--Corpus Christi 2002, no pet.)(op. on
reh'g)); Tschirhart v. Tschirhart, 876 S.W.2d 507, 508 (Tex. App.--Austin 1994, no writ). 
Additionally, the record does not indicate that either Krueger or the State, along with the
trial judge, treated the judge's oral recollections of the jurors' assertions during the chat
as evidence at the various hearings. 

 In State v. Weiss, 8 S.W.3d 342, 344 (Tex. App.--Beaumont 1999, no pet.), a new
trial was granted for newly discovered evidence. The State appealed claiming the
defendant failed to produce evidence supporting the four-prong test for obtaining a new
trial on newly discovered evidence. Id. In affirming the trial court's decision to grant a
new trial, we somewhat chided the State in the following manner: 

 The State misunderstands its posture on appeal. Based upon the
evidence before it, the trial court found a new trial was warranted. On
appeal, the State must produce a record establishing that finding was an
abuse of discretion. As the Court of Criminal Appeals noted in Gonzalez,
"[w]hen the State acquired the right to appeal . . . the State acquired the
corresponding duty to provide the appellate court a record subject to
meaningful appellate review." Gonzalez, 855 S.W.2d at 695. The hearing
"provides either party an opportunity to develop a record for appellate
review, should either party elect to appeal the decision on the motion for
new trial." Id. Gonzalez directs "[a]n appellate court should not fault a trial
judge for granting a motion for new trial when the State fails to provide an
appellate record establishing an abuse of discretion." Id. Thus, we do not
review the record de novo to determine if Weiss met his burden - - we
review the record only to determine whether the trial court's decision is
within the zone of reasonable disagreement. See Montgomery v. State, 810
S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g); Johnson v.
State, 988 S.W.2d 958, 961 (Tex. App.--Beaumont 1999, no pet.). 
(footnote omitted)


Weiss, 8 S.W.3d at 344. At the new trial hearing, the defendant called two witnesses to
testify in support of his motion, while the State contested the motion by calling an
investigator with the sheriff's department as a witness and having an affidavit admitted into
evidence. Id. at 344-45. Clearly, in Weiss, the trial court had conflicting, but competent,
evidence before it, and did not abuse its discretion in granting the defendant a new trial. 
 

 In State v. Pilkinton, 7 S.W.3d 291, 292-93 (Tex. App.--Beaumont 1999, pet.
ref'd), we found no abuse of discretion by the trial court in granting a new trial for a
criminal defendant in the face of a "no evidence" complaint by the State. Because the
defendant's motion for new trial was neither verified nor supported by an affidavit, the
State argued there was no evidence to support the allegations of ineffective assistance of
trial counsel contained in the new trial motion. Id. We disagreed, pointing to several
affidavits admitted into evidence at the new trial hearing including ones from the district
attorney, from trial counsel, from the defendant's wife, from the defendant's father, and
from the defendant. Id. As affidavits are explicitly permitted items of evidence properly
considered at a new trial hearing, the Pilkinton trial court did not abuse its discretion. Id.;
see also Tex. R. App. P. 21.7. 

 In both Weiss and Pilkinton, the trial courts had before them otherwise properly
admissible evidence under Rule 21.7 from which to rule on the respective new trial
motions. By contrast, in the instant case, the trial judge had neither affidavits nor sworn
testimony from witnesses - - jurors or non-jurors - - from which to exercise discretion in
ruling on Krueger's motion. Additionally, the trial court could not have been engaging in
the otherwise permissible act of "clarifying the record" with his verbal recollections of
what was told to him and the attorneys during the post-trial chat with the jurors, because
acquisition of this knowledge by the trial judge took place after the trial was finished and
the jurors had been dismissed from any other sworn duties. 

 Like the Court in George, we are not prepared to hold that Tex. R. Evid. 605 bars
a trial judge from testifying at a subsequent new trial hearing or by providing an otherwise
proper affidavit. See George, 20 S.W.3d at 140-41. However, we observe without
deciding that an attempt to tender a trial judge's affidavit or testimony at a new trial
hearing could result in the State raising any number of objections, e.g., "violation of Rule
606(b)," "hearsay," and "violation of Rule 605." 

 At any rate, what is missing from the instant appeal that was not missing from either
Weiss or Pilkinton was the formal tender and admission of some form of "evidence" at the
new trial hearing from which facts are established, rulings are based, and review is
properly accomplished. What appears before us amounts to nothing more than oral
argument at the trial court level. We do not retreat from our position in Weiss that, when
it appeals, the State must produce a record establishing the trial court's ruling was an abuse
of discretion. Weiss, 8 S.W.3d at 344. Yet, we are also aware that the defendant
generally has the burden of proof on the motion for new trial. See Patrick v. State, 906
S.W.2d 481, 498 (Tex. Crim. App. 1995). As the party seeking the new trial, i.e., the
"party seeking to change the status quo," Krueger bore the initial burden of showing facts
entitling her to the relief sought. See Marquez v. State, 921 S.W.2d 217, 222 (Tex. Crim.
App. 1996). The State has presented us with an appellate record indicating Krueger failed
to carry this initial burden. Having no evidence introduced for its consideration on
Krueger's motion for new trial, the trial court abused its discretion in granting the motion. 
The State's appellate issue is sustained. The order granting appellee a new trial is
reversed. We remand the cause to the trial court with instructions to reinstate the
conviction and sentence. 

 REVERSED AND REMANDED.




 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on August 19, 2005

Opinion Delivered October 26, 2005

Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Texas Rules of Evidence, Rule 606(b), sets forth the appropriate (and permissive)
scope of evidence admissible in a hearing inquiring into the validity of a jury verdict.
2. Absent any explicit or implicit legislative intent indicating otherwise, Rule 18a has
been held to apply to recusal matters in criminal cases. See Arnold v. State, 853 S.W.2d
543, 544 (Tex. Crim. App. 1993). 
3. Rule 802, a hearsay rule, reads: "Hearsay is not admissible except as provided by
statute or these rules or by other rules prescribed pursuant to statutory authority. 
Inadmissible hearsay admitted without objection shall not be denied probative value merely
because it is hearsay."