Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



OUSMANE SARR,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00142-CR

Appeal from the

416th District Court

of Collin County, Texas

(TC# 416-82012-03)




O P I N I O N

           This is an appeal from a jury conviction for the offense of aggravated robbery. The
jury assessed punishment at fifty years’ imprisonment and a fine of $5,000. We affirm.
I. SUMMARY OF THE EVIDENCE
           The evidence at trial revealed that on March 21, 2003, the complainant, Patsy Scharp
went to an appointment at the North Texas Medical Center in Plano, Texas. After her
appointment, she walked through the parking lot in front of the facility and got in her car, a
1998 brown, four-door Toyota Camry. After getting inside her car and while talking on her
cell phone, the complainant placed her purse on the floorboard of the front passenger seat. 
She then realized that someone had approached her car and was blocking her from closing
the driver-side door. At that point, she told her granddaughter, with whom she was talking
on the cell phone, that she would call her back. The person who had approached the car was
a very tall, slim African-American man with very dark skin, wearing a gray sweatshirt with
a hood pulled up over the back of his head. She looked up at the man’s face for a couple of
seconds and then noticed that he had a four or five inch long knife which was approximately
one foot away from her face. She testified that upon seeing the knife, she began screaming
because she thought her life was in danger. At that time, the perpetrator said, “get out of the
car,” she followed the order, got out of the car, and ran back to the entry of the medical
center. As she ran away, the assailant jumped in the car and quickly drove away. At that
point, another person exited the medical center, heard the screaming, and called 911. The
police arrived within a few minutes and took a statement from the complainant.
           On August 11, 2003, the complainant’s husband, Dennis Scharp, was traveling on the
service road to the North Dallas Tollway when he noticed a brown, Toyota Camry traveling
in front of him. At trial, both Patsy and Dennis Scharp testified to distinctive stickers on the
complainant’s Toyota Camry, an American flag emblem on the rear window, and a Lackland
or Little Rock Air Force Base, Air Force Reserve sticker on the front windshield. When
Scharp sped up in an attempt to get closer to the car, he noticed the American flag emblem
on the upper left-hand window and began following the car. He followed the car until it
stopped at a combination Jack-in-the-Box and Shell gas station where the driver exited the
car and went into the store. While the driver was inside, Scharp inspected the Toyota Camry
and became convinced that it was the car that belonged to his wife because of the two
distinctive stickers and two blemishes on the side of the car. He then went inside the
convenience store and called 911. The police arrived seven to ten minutes later and Scharp
pointed out the Appellant, Ousmane Sarr, as the driver of the car. The officer arrested the
Appellant. A check of the vehicle identification number revealed that the car did in fact
belong to the complainant, although the license plate had been changed.
           A search of the vehicle led to police finding, among other things, a gray sweatshirt,
State’s Exhibit 2, which the complainant identified as the one worn by her assailant, and a
knife, State’s Exhibit 3, which she identified as the one used by her assailant. The
complainant also identified the Appellant in a photographic lineup and in court as the man
who robbed her.
II. DISCUSSION
           The Appellant argues in Issue Nos. One and Two, that the trial court erred in
overruling relevance objections to testimony elicited by the State as to the duration of the
complainant’s fear. Specifically, in Issue No. One, Appellant argues that the trial court erred
in allowing the complainant to answer the question, “How long were you scared? Did it go
away?” The Appellant applies the same argument in Issue No. Two to the question “Ma’am,
low long would you say that you were afraid that there was a person running around the
streets with your keys and your identification and your credit cards and that sort of thing?” 

           Initially, we must examine if the issues were properly preserved for appeal. The State
maintains that the issue was not preserved because the prosecutor asked numerous questions
both before and after the objected-to questions asking for the same information.
           By examining the record, we find that there was testimony as to the complainant’s fear
after the robbery elicited before and after the questions at issue, specifically:
(By the State)
Q.Ma’am, you told the jury that after defendant over there
took your car and took your purse, you went around with your
husband canceling your credit cards, changing your bank
account, things like that?
 
A.That is correct.
 
Q.Were you scared of something?
 
A.Absolutely.
 
Q.What were you scared of?
 
A.I was afraid--well, actually my keys were in the car, the
control to the garage door opener. The address was on my
checkbook. He knew where we lived. So yes, I was afraid.
 
Q.So if somebody wanted to, with the stuff that was in your
car when he took it, could have gone to your house, opened up
your garage door, and said, “How do you do? What’s for
breakfast?”
 
A.Yes.

 

           The prosecutor then asked the two questions brought forth in Issue Nos. One and Two,
and the Appellant objected citing relevance. After the overruling of each question, the
testimony then continued:
Q.After your car was returned to you and you saw the
picture of the person who had been arrested and you identified
somebody in the lineup as the person that took your car and
you’re told that’s the person that’s been arrested, did it go away?
 
A.No.
 
Q.You’re still afraid?
 
A.Yes.

           To preserve a complaint for our review, a party must have presented to the trial court
a timely request, objection, or motion that states the specific grounds for the desired ruling
if they are not apparent from the context of the request, objection, or motion. State v.
Ordonez, 156 S.W.3d 850, 851 (Tex. App.--El Paso 2005, no pet.) (citing Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert.
denied, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999)). Further, a party must
continue to object every time inadmissible evidence is offered. Ethington v. State, 819
S.W.2d 854, 858 (Tex. Crim. App. 1991); Gillum v. State, 888 S.W.2d 281, 285 (Tex. App.--El Paso 1994, pet. ref’d); Tex. R. App. P. 33.1. Error in the admission of evidence is cured
when the same evidence is admitted elsewhere without objection. Ethington, 819 S.W.2d at
858; Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). With regard to the issue
of timeliness, in the instant case, we find that Appellant failed to object to the first and
second questions asked regarding the complainant’s fear after the aggravated robbery. 
Furthermore, we note that Appellant allowed the prosecutor to ask several questions seeking
the same evidence he previously objected to, without objection. Appellant has failed to
preserve these issues for appeal. Issue Nos. One and Two are overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

March 16, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)