**Opinion issued February 10, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-25-00984-CV**

————————————

## IN RE PAIGE ELAINE LAUREN AND RAYMOND HENRY TAYLOR, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### CONCURRING OPINION

I empathize with the trial judge. Hearing a juror explain that a verdict was based on something other than properly admitted evidence would be disturbing to anyone sworn to preserve, protect, and defend the laws of this state.

But Texas courts have made the policy decision that whatever justice can be gained by impeaching verdicts with juror testimony about deliberations does not justify the significant costs of the practice. *See Colyer v. State*, 428 S.W.3d 117, 122-

25 (Tex. Crim. App. 2014) (describing centuries-long process of eliminating common law practice of "harass[ing] the jury after trial to elicit admissions of juror misconduct in support of a motion for new trial"). The Court's opinion today is correct that a juror conveying her own personal knowledge to other jurors during deliberation is not an "outside influence," and Rule of Evidence 606 forbids using a juror's statements about an inside influence to impeach a verdict.

I write to address a topic the court does not: Is a sitting judge's personal recollection of extra-judicial information a sufficient basis for a new trial? Although the law is less developed on this issue, I think the answer is clear enough: No.

The only Texas case directly addressing this is *State v. Krueger*, 179 S.W.3d 663, 665 (Tex. App.—Beaumont 2005, no pet.).[*] There, as here, the trial judge had a post-trial discussion with former jurors and learned "they may have gone outside the properly-introduced evidence in reaching their verdict." *Kreuger*, 179 S.W.3d at 665. There, as here, a "motion for new trial was granted based on the recollections of the trial judge without any testimony from any source." *Id*. The Ninth Court held that because a motion for new trial must be supported by evidence, and the trial judge's personal recollection of extra-judicial facts was not evidence, granting the new trial was an abuse of discretion.

_____

[*]     *Kreuger* is a criminal case. But Rule 606 is the same for civil and criminal cases, and the evidentiary requirements for supporting motions for new trial in civil and criminal cases are similar enough to make *Kreuger* on-point.

That strikes me as correct. As a general principle, trials and motions are not decided by the personal, extrajudicial knowledge of judges. Article II of the Texas Rules of Evidence allows judicial notice of certain facts, but those facts are things known by people other than the judge—the law of other states (Rule 202), foreign law (Rule 203), and local laws and agency rules (Rule 204). Rule 201 allows judicial notice of adjudicative facts, but the fact noticed must be "generally known within the trial court's territorial jurisdiction," or "be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." TEX. R. EVID. 201(b); *see, e.g.*, *Letson v. State*, 805 S.W.2d 801, 806 (Tex. App.—Houston [14th Dist.] 1990, no pet.) (fact that Astrodome was in Harris County was proper subject of judicial notice).

What these matters have in common is that the parties can litigate whether they're right or wrong. If the parties disagree whether Florida has a law against harassing alligators, or which sheriff has jurisdiction over the Eighth Wonder of the World, that can be sorted out in open court.

But if the factual basis for a ruling is something only the judge is aware of, that can't. Or perhaps it can, but only if a party is willing to dispute the judge's personal memory. Such a dispute would be awkward for all involved, and it would result in mandatory recusal, meaning the dispute would not be about the *sitting* judge's personal memory. TEX. R. CIV. P. 18b(b)(3).

3

Thus, even if the matter revealed to the trial judge here was an outside influence, there would need to be more evidentiary support than the sitting judge's personal recollection of an event that occurred outside the trial. Either the judge would need to be recused and used as a witness, or the party seeking a new trial would need to get testimony from someone with knowledge of the outside influence, like the former juror.

With these comments, I join the Court's opinion.


Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Morgan, J., concurring.