**Winsor Thomas SAVERY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 095–90.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 9, 1991.

Rehearing Denied Dec. 12, 1991.

Dexter M. Patterson, The Woodlands, for appellant.

D.C. Jim Dozier, County Atty., and Carole D. Clark, Asst. County Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was convicted for the possession of child pornography. See V.T.C.A., Penal Code, Section 43.26(a). The Beaumont Court of Appeals affirmed appellant's conviction. *Savery v. State*, 782 S.W.2d 321 (Tex.App.—Beaumont 1989). This Court granted appellant's petition for discretionary review to determine whether Section 43.26(a) violated the First Amendment to the United States Constitution. We affirm.

The evidence used against appellant at his trial for the possession of child pornography was taken from his home. On appeal he argued that *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), precluded the State from prosecuting him for possession of material in his house and asked that Section 43.26(a) be declared unconstitutional. The Court of Appeals refused to find the statute unconstitutional and affirmed the conviction. 782 S.W.2d at 323–324. Appellant's petition for discretionary review presented several grounds but this Court granted the petition only to consider his first, this being the constitutional question.

After we chose to review this case the Supreme Court decided *Osborne v. Ohio*, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990). In that case, the Court specifically held that the states may constitutionally prohibit the private possession of child pornography. Distinguishing *Stanley v. Georgia*, the Court wrote that:

"In *Stanley*, Georgia primarily sought to proscribe the private possession of obscenity because it was concerned that obscenity would poison the minds of its viewers. We responded that 'whatever the power of the state to control public dissemination of ideas inimical to the public morality, it cannot constitutionally premise legislation on the desirability of controlling a person's private thoughts.' The difference here is obvious: the State does not rely on a paternalistic interest in regulating Osborne's mind. Rather, Ohio has enacted § 2907.23(A)(3) in order to protect the victims of child pornography; it hopes to destroy a market for the exploitative use of children.

"It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling. The legislative judgment as well as the judgment found in relevant literature is that the use of children as subjects of pornographic material is harmful to the psychological, emotional, and mental health of the child. That judgment, we think, easily passes muster under the First Amendment." *Osborne*, 495 U.S. at ——, 110 S.Ct. at 1696, 109 L.Ed.2d at 109 (citations omitted).

Appellant only raises federal constitutional claims.[1] No independent state grounds are asserted. Consequently, pursuant to the holding in *Osborne*, the judgment of the Court of Appeals is affirmed.

---

1. *Osborne* also dealt with whether the Ohio statute was facially unconstitutional since included within the proscribed possession was material depicting "nude" children. Although the *Osborne* Court determined that "depictions of nudity, without more, constitute protected expression," 495 U.S. at ——, 110 S.Ct. at 1698, 109 L.Ed.2d. at 111, it refused to find the statute facially unconstitutional. The Supreme Court noted that the Ohio Courts had narrowly interpreted the "nude" provision. Id. 495 U.S. at ——, 110 S.Ct. at 1702, 109 L.Ed.2d at 117. That issue is not involved in this case. First, the Texas statute prohibits the display of children "engaging in sexual conduct," and second, appellant merely seeks to have the statute declared unconstitutional as applied to his particular case. See *Brief for Petitioner* at p. 6. ("The petitioner in this case is clearly not asking that the statue (sic) as a whole be ruled unconstitutional, but that its application, to the extent that it violates *Stanley*, should be prohibited.")