COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-279-CR
NO. 2-02-280-CR
 
JOSEPH WEBB                                                                      
APPELLANT
V.
THE STATE OF TEXAS                                                       
       STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
Joseph Webb appeals his convictions for
possession of child pornography. In one point, appellant contends that the trial
court erred in overruling his first amended motion for new trial because the
Texas child pornography statute is vague and overbroad and in violation of the
First Amendment to the United States Constitution. See Tex. Penal Code
Ann. §§ 43.25, 43.26 (Vernon 2003). We will affirm.
Based on information that appellant had
child pornography at his residence, Fort Worth police were able to obtain a
search warrant for the premises. During the search, they found and seized a
photograph depicting a young girl engaged in an act of oral sex and a computer
hard drive containing approximately 7,480 photographs, one movie, and
approximately 1,408 stories relating to child pornography. Appellant was
indicted for possession of both the computer images and the photograph. He pled
guilty to both indictments. On May 13, 2002, after hearing evidence regarding
punishment, the trial court sentenced him to ten years' incarceration.
On June 4, 2002, appellant filed a motion
for new trial alleging that the evidence was insufficient to support a guilty
plea. On June 12, he filed a notice of appeal. Then, on July 5, 2002,
appellant's attorney filed an amended motion for new trial contending that
sections 43.25 and 43.26 of the Texas Penal Code are vague and overbroad in
violation of the First Amendment. After hearing argument on appellant's motion,
the trial court denied the motion and appointed appellant counsel for his
appeal.
In his sole point, appellant contends that
the trial court erred in overruling his first amended motion for new trial.
Appellant, however, did not file his amended motion for new trial within thirty
days of the date sentence was imposed. (1) See
Tex. R. App. P. 21.4(b) (stating that defendant must file amended motion for new
trial within thirty days after the date sentence imposed). Therefore, his
amended motion was untimely and cannot form the basis for points on appeal. See
id.; Mercier v. State, 96 S.W.3d 560, 562 (Tex. App.--Fort Worth
2002, pet. stricken); Rangel v. State, 972 S.W.2d 827, 838 (Tex.
App.--Corpus Christi 1998, pet. ref'd).
Although appellant's amended motion for
new trial was untimely, this does not prevent us from deciding the merits of his
appeal. A defendant may raise a constitutional challenge to the facial validity
of a statute for the first time on appeal. Garcia v. State, 887 S.W.2d
846, 861 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1005 (1995).
Accordingly, we will address appellant's argument that the Texas child
pornography statute is vague and overbroad and in violation of the First
Amendment to the United States Constitution. See id.
When reviewing the constitutionality of a
statute, we presume the statute is valid and that the legislature has not acted
unreasonably or arbitrarily in enacting it. Ex parte Granviel, 561
S.W.2d 503, 511 (Tex. Crim. App. 1978); Sisk v. State, 74 S.W.3d 893,
901 (Tex. App.--Fort Worth 2002, no pet.). It is the challenger's burden to show
that the statute is unconstitutional. Ex parte Anderson, 902 S.W.2d
695, 698 (Tex. App.--Austin 1995, pet. ref'd). The statute must be upheld if a
reasonable construction can be ascertained that will render the statute
constitutional and carry out the legislative intent. Ely v. State, 582
S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); Sisk, 74 S.W.3d at
901.
In construing whether a law is vague and
overbroad, we keep in mind the elementary principle of statutory construction:
we interpret a statute in accordance with the plain meaning of its language
unless the language is ambiguous or the plain meaning leads to absurd results. Sanchez
v. State, 995 S.W.2d 677, 683 (Tex. Crim. App.), cert. denied, 528
U.S. 1021 (1999); Boykin v. State, 818 S.W.2d 782, 785-86 & n.4
(Tex. Crim. App. 1991). In determining plain meaning, "[w]ords and phrases
shall be read in context and construed according to the rules of grammar and
common usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 1998); Dowthitt
v. State, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996). If we find resorting
to extratextual sources necessary under Boykin, these sources include
but are not necessarily limited to: (1) circumstances under which the statute
was enacted, (2) legislative history, (3) common law or former statutory
provisions, (4) consequences of a particular construction, and (5) the title
(caption), preamble, and emergency provision. Tex. Gov't Code Ann. § 311.023;
Tex. Penal Code Ann. § 1.05(b).
Appellant contends that the Texas child
pornography statute is overbroad, vague, and in violation of the First Amendment
because it draws no distinction between possession of actual child pornography
and pornography created by digital or computer imaging. In support of his
argument, appellant relies on Ashcroft v. Free Speech Coalition, 535
U.S. 235, 122 S. Ct. 1389 (2002). In Ashcroft, the United States
Supreme Court considered a challenge to the Child Pornography Prevention Act of
1996 (CPPA). The CPPA extended the federal prohibition of child pornography to
sexually explicit images that "appear to" depict minors engaging in
sexual conduct, but are produced without using any real children.
(2) Id. at 235, 122 S. Ct. at 1396. Because the statute
prohibited both protected and unprotected speech, the Court held that the
statute was unconstitutional to the extent that it regulated virtual images or
images that merely appeared to depict children engaged in sexual conduct. Id.
at 241, 122 S. Ct. at 1406. In so holding, however, the Court also observed that
"[t]he freedom of speech has its limits; it does not embrace certain
categories of speech, including defamation, incitement, obscenity, and
pornography produced with real children." Id. at 246, 122 S. Ct.
at 1399; Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd.,
502 U.S. 105, 127, 112 S. Ct. 501, 514 (1991) (Kennedy, J., concurring).
In this case, appellant was charged and
convicted under the Texas statute prohibiting possession of child pornography. See
Tex. Penal Code Ann. §§ 43.25, 43.26(a). In Texas, it is an offense to
knowingly or intentionally possess "visual material that visually depicts a
child younger than 18 years of age at the time the image of the child was made
who is engaging in sexual conduct" if the person "knows that the
material depicts the child" engaging in sexual conduct. Id. §
43.26(a). Unlike the CPPA, however, the plain language of the statute indicates
that it prohibits only possession of material that depicts an actual child, not
material that merely "appears" to depict a child. Id.; see
also State v. Anderson, 784 N.E.2d 196, 200 (Ohio Ct. App. 2003) (holding
that the language of the Ohio statute prohibits only images depicting actual
children and, thus, does not violate the First Amendment). The legislative
history of the statute also supports this conclusion. See Senate Comm.
on Criminal Justice, Bill Analysis, Tex. S.B. 674, 75th Leg., R.S.
(1997).
In 1997, the legislature amended the child
pornography statute to eliminate a loophole in the existing statute that impeded
prosecution of individuals for possession or promotion of child pornography
depicted or distributed by computer. Id.; House Comm. on Criminal
Jurisprudence, Bill Analysis, Tex. S.B. 674, 75th Leg., R.S. (1997).
There is nothing in these materials to suggest that the legislature intended to
prohibit anything other than pornography depicting actual children. Therefore,
we conclude that the Texas child pornography statute prohibits only the
possession of visual materials depicting real children.
Because the Texas statute only prohibits
pornography depicting actual children, the statute is not vague or overbroad. United
States v. Kelly, 314 F.3d 908, 912-13 (7th Cir. 2003)
(interpreting the holding in Ashcroft to only apply to virtual
pornography); United States v. Hersh, 297 F.3d 1233, 1254 n.31 (11th
Cir. 2002) (same); see also Fink v. State, 817 A.2d 781, 790 (Del.
2003) (same); Perry v. Commonwealth, 780 N.E.2d 53, 56 n.4 (Mass. 2002)
(stating that Ashcroft was not at issue because materials depicted
actual children). Further, because pornography produced with real children is
not a category of speech protected by the First Amendment, the statute's
prohibition of these materials does not violate the First Amendment. Ashcroft,
535 U.S. at 246, 122 S. Ct. at 1399; see also New York v. Ferber, 458
U.S. 747, 764, 102 S. Ct. 3348, 3358 (1982) (holding that pornography depicting
actual children can be prescribed whether or not the images are obscene because
of the State's interest in protecting the children exploited by the production
process); Savery v. State, 819 S.W.2d 837, 838 (Tex. Crim. App. 1991)
(holding that private possession of child pornography is not protected by the
First Amendment).
Appellant also contends that the statute
is unconstitutional because it places the burden on the defendant to show that
the parties actually depicted are not children. We disagree. The plain language
of section 43.26 clearly requires the State to prove that (1) the appellant
possessed visual material depicting a child under the age of eighteen engaging
in sexual conduct and (2) appellant knew that the material depicted a child
engaging in sexual conduct. Tex. Penal Code Ann. § 43.26. Although the
defendant may choose to counter the State's evidence with evidence that the
child depicted was eighteen years of age or older, the statute does not place
the burden on the defendant to prove the age of the child. That burden rests
with the State. Id. Therefore, we overrule appellant's sole point on
appeal.
Having overruled appellant's sole point,
we affirm the trial court's judgments.
 
                                                                     
JOHN CAYCE
                                                                     
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
PUBLISH
DELIVERED: May 29, 2003

1. Appellant was sentenced on May 13, 2002. He did not
file his amended motion for new trial until July 5, 2002.
2. The CPPA prohibited images made using actual minors as
well as "any visual depiction, including any photograph, film, video,
picture, or computer or computer-generated image or picture" that appeared
to be of a minor or "conveys the impression that the material is or
contains a visual depiction of a minor engaging in sexually explicit
conduct." 18 U.S.C.A. § 2256(8)(A), (B), (D) (West 2000).