COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JAMES BELCHER, | | No. 08-09-00288-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 41st District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20090D02550) |
| | § | |

**O P I N I O N**

James Belcher appeals from a conviction of possession of child pornography, enhanced by two prior felony convictions. After a jury found Appellant guilty, the trial court found the enhancement paragraphs true and sentenced Appellant to imprisonment for twenty-five years. We affirm.

**FACTUAL SUMMARY**

In April of 2008, Appellant was residing at a halfway house. The residents were housed in six dormitory-style "pods." Each dormitory was a large room containing bunk beds and could house up to sixty residents. The halfway house provides a locker and lock for each resident to place belongings. The residents are also permitted to store items under their bunk beds in containers or luggage, but the halfway house encouraged the residents to use locks since the other residents would otherwise have access to the property. According to the operations supervisor of the halfway house, Amy Lynn Anderson, all residents of the halfway house and their property are subject to search for contraband at any time.

On April 29, 2008, Appellant met with his parole officer, Juan Prudencio. After the meeting,

Prudencio called the halfway house and requested that Appellant's locker and property be searched for child pornography. Anderson authorized a search of Appellant's property and a locked black suitcase was removed from beneath his bunk. The security officers took the suitcase to a security office and cut off the lock. They looked inside of the suitcase and found another locked bag. Appellant appeared in the doorway of the security office and asked why they were searching his luggage and who had authorized the removal of the locks. Anderson advised Appellant that they were authorized to search his property and it would be returned to him if they did not find any contraband. They removed the lock from that bag and found inside of it a pouch which contained an unmarked CD. Anderson put the CD in a computer and a program automatically opened and began displaying eighteen photographs of nude children.

Anderson immediately notified her administrator and turned the CD over to him. She also notified Prudencio of the results of the search. That same day, Anderson presented Appellant with a contraband confiscation form which he signed indicating that he claimed ownership of the CD.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant challenges the factual sufficiency of the evidence supporting his conviction. More specifically, he challenges the evidence showing that he knowingly possessed the CD since the luggage was found in an unsecured bunk area and other residents could have accessed the luggage. He also contends that there is no evidence that he had any idea of the contents of the CD.

### *Standard of Review*

Since the parties filed their briefs in this case, the Court of Criminal Appeals has determined that the *Jackson v. Virginia* standard[1] is the only standard a reviewing court should apply in

---

[1] *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). Even though Appellant has not expressly raised a legal sufficiency argument, we will review the evidence under the *Jackson v. Virginia* standard.

When assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. at 318-19; *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We give deference to "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 318-19; *Klein v. State*, 273 S.W.3d 297, 302 (Tex.Crim.App. 2008). We consider all of the admitted evidence, whether it was admissible or inadmissible. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999). The introduction of conflicting evidence does not render the evidence insufficient. *Matchett v. State*, 941 S.W.2d 922, 936 (Tex.Crim.App. 1996). When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton*, 235 S.W.3d at 778. Similarly, as fact finder, the jury is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

### *Elements of the Offense*

Under Section 43.26(a) of the Penal Code, a person commits the offense of possession of

child pornography if (1) the person knowingly or intentionally possesses visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct; and (2) the person knows that the material depicts the child as described in § 43.26(a)(1). TEX.PENAL CODE ANN. § 43.26(a)(1), (2)(Vernon 2003). Visual material includes any disk, diskette, or other physical medium that allows an image to be displayed on a computer. TEX.PENAL CODE ANN. § 43.26(b)(3). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. TEX.PENAL CODE ANN. § 6.03(b)(Vernon 2003). A jury may infer intent or knowledge from any facts which tend to prove its existence, including the acts, words, conduct of the accused, and the method of committing the crime. *Hart v. State*, 89 S.W.3d 61, 64 (Tex.Crim.App. 2002).

The Penal Code defines "possession" as actual care, custody, control, or management. TEX.PENAL CODE ANN. § 1.07(a)(39)(Vernon Supp. 2010). If an accused does not exclusively possess the place where the contraband is found, we may not conclude that the accused had knowledge of and control over the contraband unless additional independent facts and circumstances affirmatively link the accused to the contraband. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex.Crim.App. 2005); *Jacobs v. State*, 245 S.W.3d 520, 525 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd). An affirmative link generates a reasonable inference that the defendant knew of the contraband's existence and exercised control over it. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995). While most cases applying the affirmative links rule involve the unlawful possession of a controlled substance, the rule applies to cases involving the unlawful possession of other contraband as well. *See Jacobs*, 245 S.W.3d at 525 (applying the affirmative links rule in a case involving possession of a gambling device). The affirmative links rule has been applied in

cases involving possession of child pornography. *Young v. State*, 242 S.W.3d 192, 197 (Tex.App.--Tyler 2007, no pet.); *Savery v. State*, 782 S.W.2d 321, 327-28 (Tex.App.--Beaumont 1989), *aff'd*, 819 S.W.2d 837 (Tex.Crim.App. 1991).

An affirmative link, which may be shown by either direct or circumstantial evidence, "must establish, to the requisite level of confidence, that the accused's connection with the [contraband] was more than just fortuitous." *Brown*, 911 S.W.2d at 747. Factors that may affirmatively link the accused to contraband include whether: (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in close proximity to the accused; and (5) the accused made incriminating statements connecting himself to the contraband. *See Lassaint v. State*, 79 S.W.3d 736, 740-41 (Tex.App.--Corpus Christi 2002, no pet .). Any list of affirmative links is non-exclusive. *Castellano v. State*, 810 S.W.2d 800, 805 (Tex.App.--Austin 1991, no pet.). The logical force the factors play in affirmatively linking the defendant to the contraband is more important than the number of factors involved. *See Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref'd).

Taken in the light most favorable to the verdict, the evidence at trial showed that Appellant claimed ownership of the black suitcase, the locks used to secure the suitcase and the bag contained within the suitcase, and the CD itself. While the suitcase was being searched, Appellant went to the security office and asked why they were searching his suitcase and who had authorized them to cut off the locks. Thus, Appellant admitted ownership of both the locked suitcase and the locks used to secure the suitcase and the bag enclosed within the suitcase. Further, Appellant signed the contraband confiscation form in which he claimed ownership of the confiscated property. The form identified the confiscated property as a "CD-RW with pornographic photos on it." This evidence

is sufficient to affirmatively link Appellant to the CD and establish that he exercised actual care, custody, and control over it.

With respect to Appellant's knowledge of the contents of the unmarked CD, the evidence showed that upon being inserted into a computer's CD disk drive, a program automatically ran and displayed the pornographic photographs. When this evidence is considered with Appellant's conduct in placing multiple locks on the containers to prevent access to the unmarked CD, a reasonable inference can be drawn that Appellant had knowledge of the CD's contents. We conclude that a rational trier of fact could reasonably conclude beyond a reasonable doubt that Appellant knowingly possessed the pornographic photographs. We overrule Appellant's sole issue on appeal and affirm the judgment of the trial court.

June 15, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)