COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





JAMES BELCHER,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00288-CR

Appeal from
41st District Court

of El Paso County, Texas

(TC # 20090D02550)



 

 

 




O P I N I O N

            James Belcher appeals from a conviction of possession of child pornography, enhanced by
two prior felony convictions. After a jury found Appellant guilty, the trial court found the
enhancement paragraphs true and sentenced Appellant to imprisonment for twenty-five years. We
affirm.
FACTUAL SUMMARY
            In April of 2008, Appellant was residing at a halfway house. The residents were housed in
six dormitory-style “pods.” Each dormitory was a large room containing bunk beds and could house
up to sixty residents. The halfway house provides a locker and lock for each resident to place
belongings. The residents are also permitted to store items under their bunk beds in containers or
luggage, but the halfway house encouraged the residents to use locks since the other residents would
otherwise have access to the property. According to the operations supervisor of the halfway house,
Amy Lynn Anderson, all residents of the halfway house and their property are subject to search for
contraband at any time. 
            On April 29, 2008, Appellant met with his parole officer, Juan Prudencio. After the meeting,
Prudencio called the halfway house and requested that Appellant’s locker and property be searched
for child pornography. Anderson authorized a search of Appellant’s property and a locked black
suitcase was removed from beneath his bunk. The security officers took the suitcase to a security
office and cut off the lock. They looked inside of the suitcase and found another locked bag. 
Appellant appeared in the doorway of the security office and asked why they were searching his
luggage and who had authorized the removal of the locks. Anderson advised Appellant that they
were authorized to search his property and it would be returned to him if they did not find any
contraband. They removed the lock from that bag and found inside of it a pouch which contained
an unmarked CD. Anderson put the CD in a computer and a program automatically opened and
began displaying eighteen photographs of nude children. 
            Anderson immediately notified her administrator and turned the CD over to him. She also
notified Prudencio of the results of the search. That same day, Anderson presented Appellant with
a contraband confiscation form which he signed indicating that he claimed ownership of the CD. 
SUFFICIENCY OF THE EVIDENCE
            In his sole issue, Appellant challenges the factual sufficiency of the evidence supporting his
conviction. More specifically, he challenges the evidence showing that he knowingly possessed the
CD since the luggage was found in an unsecured bunk area and other residents could have accessed
the luggage. He also contends that there is no evidence that he had any idea of the contents of the
CD.
Standard of Review
            Since the parties filed their briefs in this case, the Court of Criminal Appeals has determined
that the Jackson v. Virginia standard


 is the only standard a reviewing court should apply in
determining whether the evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt. Brooks v. State, 323 S.W.3d 893, 895
(Tex.Crim.App. 2010). Even though Appellant has not expressly raised a legal sufficiency
argument, we will review the evidence under the Jackson v. Virginia standard.
            When assessing the sufficiency of the evidence to support a criminal conviction, we consider
all the evidence in the light most favorable to the verdict and determine whether, based on that
evidence and reasonable inferences therefrom, a rational juror could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-19;
Villarreal v. State, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009); Hooper v. State, 214 S.W.3d 9, 13
(Tex.Crim.App. 2007). We give deference to “the responsibility of the trier of fact fairly to resolve
conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts
to ultimate facts.” Jackson, 443 U.S. at 318-19; Klein v. State, 273 S.W.3d 297, 302 (Tex.Crim.App.
2008). We consider all of the admitted evidence, whether it was admissible or inadmissible. 
Clayton v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007); Wilson v. State, 7 S.W.3d 136, 141
(Tex.Crim.App. 1999). The introduction of conflicting evidence does not render the evidence
insufficient. Matchett v. State, 941 S.W.2d 922, 936 (Tex.Crim.App. 1996). When the record
supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the
prosecution and therefore defer to that determination. Clayton, 235 S.W.3d at 778. Similarly, as fact
finder, the jury is entitled to judge the credibility of the witnesses, and can choose to believe all,
some, or none of the testimony presented by the parties. Chambers v. State, 805 S.W.2d 459, 461
(Tex.Crim.App. 1991).
Elements of the Offense
            Under Section 43.26(a) of the Penal Code, a person commits the offense of possession of
child pornography if (1) the person knowingly or intentionally possesses visual material that visually
depicts a child younger than 18 years of age at the time the image of the child was made who is
engaging in sexual conduct; and (2) the person knows that the material depicts the child as described
in § 43.26(a)(1). Tex.Penal Code Ann. § 43.26(a)(1), (2)(Vernon 2003). Visual material includes
any disk, diskette, or other physical medium that allows an image to be displayed on a computer. 
Tex.Penal Code Ann. § 43.26(b)(3). A person acts knowingly, or with knowledge, with respect
to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist. Tex.Penal Code Ann. § 6.03(b)(Vernon
2003). A jury may infer intent or knowledge from any facts which tend to prove its existence,
including the acts, words, conduct of the accused, and the method of committing the crime. Hart
v. State, 89 S.W.3d 61, 64 (Tex.Crim.App. 2002).
            The Penal Code defines “possession” as actual care, custody, control, or management. 
Tex.Penal Code Ann. § 1.07(a)(39)(Vernon Supp. 2010). If an accused does not exclusively
possess the place where the contraband is found, we may not conclude that the accused had
knowledge of and control over the contraband unless additional independent facts and circumstances
affirmatively link the accused to the contraband. Poindexter v. State, 153 S.W.3d 402, 406
(Tex.Crim.App. 2005); Jacobs v. State, 245 S.W.3d 520, 525 (Tex.App.--Houston [1st Dist.] 2007,
pet. ref’d). An affirmative link generates a reasonable inference that the defendant knew of the
contraband’s existence and exercised control over it. See Brown v. State, 911 S.W.2d 744, 747
(Tex.Crim.App. 1995). While most cases applying the affirmative links rule involve the unlawful
possession of a controlled substance, the rule applies to cases involving the unlawful possession of
other contraband as well. See Jacobs, 245 S.W.3d at 525 (applying the affirmative links rule in a
case involving possession of a gambling device). The affirmative links rule has been applied in
cases involving possession of child pornography. Young v. State, 242 S.W.3d 192, 197 (Tex.App.--Tyler 2007, no pet.); Savery v. State, 782 S.W.2d 321, 327-28 (Tex.App.--Beaumont 1989), aff’d,
819 S.W.2d 837 (Tex.Crim.App. 1991).
            An affirmative link, which may be shown by either direct or circumstantial evidence, “must
establish, to the requisite level of confidence, that the accused’s connection with the [contraband]
was more than just fortuitous.” Brown, 911 S.W.2d at 747. Factors that may affirmatively link the
accused to contraband include whether: (1) the contraband was in plain view or recovered from an
enclosed place; (2) the accused was the owner of the premises or the place where the contraband was
found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found
in close proximity to the accused; and (5) the accused made incriminating statements connecting
himself to the contraband. See Lassaint v. State, 79 S.W.3d 736, 740-41 (Tex.App.--Corpus Christi
2002, no pet .). Any list of affirmative links is non-exclusive. Castellano v. State, 810 S.W.2d 800,
805 (Tex.App.--Austin 1991, no pet.). The logical force the factors play in affirmatively linking the
defendant to the contraband is more important than the number of factors involved. See Jones v.
State, 963 S.W.2d 826, 830 (Tex.App.--Texarkana 1998, pet. ref’d).
            Taken in the light most favorable to the verdict, the evidence at trial showed that Appellant
claimed ownership of the black suitcase, the locks used to secure the suitcase and the bag contained
within the suitcase, and the CD itself. While the suitcase was being searched, Appellant went to the
security office and asked why they were searching his suitcase and who had authorized them to cut
off the locks. Thus, Appellant admitted ownership of both the locked suitcase and the locks used
to secure the suitcase and the bag enclosed within the suitcase. Further, Appellant signed the
contraband confiscation form in which he claimed ownership of the confiscated property. The form
identified the confiscated property as a “CD-RW with pornographic photos on it.” This evidence
is sufficient to affirmatively link Appellant to the CD and establish that he exercised actual care,
custody, and control over it. 
            With respect to Appellant’s knowledge of the contents of the unmarked CD, the evidence
showed that upon being inserted into a computer’s CD disk drive, a program automatically ran and
displayed the pornographic photographs. When this evidence is considered with Appellant’s conduct
in placing multiple locks on the containers to prevent access to the unmarked CD, a reasonable
inference can be drawn that Appellant had knowledge of the CD’s contents. We conclude that a
rational trier of fact could reasonably conclude beyond a reasonable doubt that Appellant knowingly
possessed the pornographic photographs. We overrule Appellant’s sole issue on appeal and affirm
the judgment of the trial court.

June 15, 2011                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)