**Affirmed and Opinion filed March 30, 2021.**



In The

# Fourteenth Court of Appeals

NO. 14-20-00549-CR
NO. 14-20-00550-CR
NO. 14-20-00551-CR

## EX PARTE LEONARD WALTON FUSSELMAN

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 17-DCR-080374, 17-DCR-080375, & 17-DCR-080376**

## OPINION

Appellant Leonard Walton Fusselman appeals from the orders denying him the relief he requested in his pretrial applications for writ of habeas corpus. In five issues appellant contends that the Penal Code statute prohibiting the possession of child pornography is facially overbroad and violates the Free Speech Clause of the United States and Texas Constitutions. *See* Tex. Penal Code § 43.26; U.S. Const. amend. I; Tex. Const. art. I, § 8. We affirm.

BACKGROUND

Appellant was indicted for three counts of possession of child pornography in violation of section 43.26 of the Texas Penal Code. In each case appellant filed a Second Amended Application for Writ of Habeas Corpus[1] in which he asserted that section 43.26 was unconstitutional. The trial court held a hearing at which no evidence was taken. Following the hearing the trial court denied appellant's requested relief of dismissal of the indictments.

In appellant's applications for writ of habeas corpus he asserted section 43.26 was unconstitutionally broad in three respects:

- The statute forbids possession of images of people engaged in sexual conduct who are not children for purposes of engaging in sexual conduct;
- The statute's inclusion of "lewd exhibition of . . . the anus, or any portion of the female breast below the top of the areola" unconstitutionally expands the definition of forbidden content; and
- the statute punishes simulated sexual conduct as child pornography.

In appellant's first four issues on appeal he challenges the trial court's rulings on his applications for writ of habeas corpus asserting the statute is facially unconstitutional (1) under the United States Constitution because it forbids as child pornography images of people who are not children for purposes of engaging in sexual conduct; (2) under the Texas Constitution because it forbids as child pornography images of people who are not children in Texas for purposes of engaging in sexual conduct; (3) under the United States Constitution because it punishes as child pornography images of body parts that the Supreme Court has not

---

[1] Appellant's Second Amended Petition was the live pleading at the time of the trial court's order.

categorized as child pornography; and (4) under the First Amendment to the United States Constitution because it punishes as child pornography images of simulated sexual conduct. In appellant's fifth issue he asserts that if any one of the above-referenced "forms of overbreadth" did not individually render the statute unconstitutionally overbroad, "some combination of them would."

ANALYSIS

## I.    Standard of review and applicable law

In general, we review a trial court's ruling on an application for writ of habeas corpus using an abuse-of-discretion standard, and we view any evidence in the light most favorable to that ruling and defer to implied factual findings supported by the record. *Phuong Anh Thi Le v. State*, 300 S.W.3d 324, 327 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

Pretrial habeas corpus proceedings are separate criminal actions, and the applicant has the right to an immediate appeal before trial begins. *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649–50 (Tex. Crim. App. 2005). A defendant may only seek pretrial habeas relief in limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). Those limited circumstances are (1) to challenge the State's power to restrain the defendant; (2) to challenge the manner of pretrial restraint, i.e., the denial of bail or conditions of bail; and (3) to raise certain issues that would bar prosecution or conviction. *Id.*

In most cases, a facial challenge to the constitutionality of a statute can succeed only when the statute is shown to be unconstitutional in all of its applications. *See State v. Rosseau*, 396 S.W.3d 550, 557–58 (Tex. Crim. App. 2013). Under the First Amendment's overbreadth doctrine, a statute may be declared unconstitutional on its face, even if the statute has a legitimate application, and even

3

if the defendant was not engaged in activity protected by the First Amendment. *State v. Johnson*, 475 S.W.3d 860, 864–65 (Tex. Crim. App. 2015).

In the case of statutes that encroach upon activity protected by the First Amendment, the challenger may bring a "substantial overbreadth" challenge. Under such a facial challenge, a statute may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010); *see also Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) (holding overbreadth doctrine prohibits government from banning unprotected speech if substantial amount of protected speech prohibited or chilled in process). This type of facial challenge may be made when a statute restricts or punishes speech based upon its content. *See Ex parte Lo*, 424 S.W.3d 10, 15 (Tex. Crim. App. 2014).

A law is "content-based" if it distinguishes between favored and disfavored speech on the basis of the views expressed or if it is necessary to review the content of the speech to determine whether the speaker violated the law. *Ex parte Thompson*, 442 S.W.3d 325, 345 (Tex. Crim. App. 2014). A content-based regulation that distinguishes favored from disfavored speech based on the views expressed is presumptively invalid, and the government bears the burden to rebut the presumption. *Lo*, 424 S.W.3d at 15. We apply the "most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content." *Id*. (quoting *Turner Broadcasting Sys., Inc. v. FCC*, 512 U.S. 622, 642, (1994)). To satisfy a strict scrutiny review, a statute that regulates speech must be necessary to serve a compelling state interest and be narrowly drawn. *Id*. To be considered narrowly drawn, a law must employ the least restrictive means to achieve its goal and there must be a close nexus between the state's compelling interest and the restriction. *Id*. A statute may not be held overbroad merely because

it is possible to conceive of some impermissible applications. *United States v. Williams*, 553 U.S. 285, 303 (2008).

## II.     The challenged statute

As noted by our sister court, the first step in considering an overbreadth challenge "is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *Ex parte Dehnert*, 605 S.W.3d 885, 889 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (holding section 43.26(a) constitutional under identical challenges to those asserted by appellant).

Section 43.26(a) of the Texas Penal Code provides that a person commits an offense if:

> (1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct, including a child who engages in sexual conduct as a victim of an offense under Section 20A.02(a)(5), (6), (7), or (8) and
>
> (2) the person knows that the material depicts the child as described by Subdivision (1).

Tex. Penal Code § 43.26(a).

"Sexual conduct" is defined as:

> [S]exual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola.

Tex. Penal Code §§ 43.26(b)(2), 43.25(a)(2).

"Simulated" is defined as:

[T]he explicit depiction of sexual conduct that creates the appearance of actual sexual conduct and during which a person engaging in the conduct exhibits any uncovered portion of the breasts, genitals, or buttocks.

Tex. Penal Code § 43.25(a)(6).

### III. Punishing the possession of child pornography involving 17-year-old minors is not unconstitutional under the United States Constitution.

In appellant's first issue he contends that section 43.26 is unconstitutional under the First Amendment to the United States Constitution because it forbids as "child pornography" images of people who are not children for purposes of engaging in sexual conduct. Specifically, appellant asserts that because a seventeen-year-old can effectively consent to sex, Texas cannot invoke as its compelling interest for forbidding pornography of 17-year-olds protecting children under 18 from sexual seduction or exploitation.

Appellant's issue raises the question of the purpose of child pornography laws vis-à-vis the First Amendment. Child pornography is not protected speech under the First Amendment. *Osborne v. Ohio*, 495 U.S. 103 (1990); *New York v. Ferber*, 458 U.S. 747 (1982). In 1977, Congress passed the first federal law aimed at child pornography. *See* Protection of Children Against Child Exploitation Act of 1977, Pub. L. No. 95-225, 92 Stat. 7 (1978). New York enacted one of the early child pornography laws, the subject of which was addressed by the Supreme Court in *Ferber*. 458 U.S. at 750. The Court rejected a First Amendment defense to New York's law giving five reasons why "the States are entitled to greater leeway in the regulation of pornographic depictions of children." *Id*. at 756. First, the government has a compelling interest in "safeguarding the physical and psychological well-being of a minor." *Id*. at 756–57 (quoting *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 607 (1982)). Second, distribution of child pornography compounds the

sexual abuse of children by circulating a "permanent record" of the abuse. *Id*. at 759. Third, outlawing the sale of child pornography reduces the economic incentive to create it. *Id*. at 761–62. Fourth, any value of child pornography is "exceedingly modest, if not de minimis." *Id*. at 762. Fifth, categorically excluding child pornography from the First Amendment is consistent with the longstanding recognition that bans on certain types of speech escape First Amendment scrutiny when "the evil to be restricted so overwhelmingly outweighs the expressive interests, if any, at stake." *Id*. at 763–64.

Not long after *Ferber,* the Supreme Court concluded that states may also ban possession of child pornography. *See Osborne*, 495 U.S. at 111. *Osborne*, largely echoing *Ferber*, cited the following reasons for its holding: punishing possession reduces demand for the pornography; a ban on possession may limit the reputational damage to the child by encouraging destruction of the images; and "evidence suggests that pedophiles use child pornography to seduce other children into sexual activity." *Id*. at 109–11.

Our sister court of appeals, in a case in which the Texas Court of Criminal Appeals refused discretionary review, considered and rejected an identical argument. *Dehnert*, 605 S.W.3d at 890–92. The First Court held that the fact that a 17-year-old child can consent to sex does not compel the conclusion that the same child can consent to participate in pornography. *Id*. at 891. In arriving at this conclusion, the First Court considered Texas cases that had addressed challenges to section 43.25 of the Penal Code (the sexual-performance-by-a-child statute) as overbroad. *See Ex parte Fujisaka*, 472 S.W.3d 792, 800 (Tex. App.—Dallas 2015, pet. ref'd) and *Dornbusch v. State*, 156 S.W.3d 850, 867 (Tex. App.—Corpus Christi 2005, pet. ref'd).

The courts in *Fujisaka* and *Dornbusch* addressed challenges that the sexual-

7

performance-by-a-child statute was unconstitutional because the statute applied to children under 18 years old, but the sexual-assault statute applied to children under 17. *Compare* Tex. Penal Code § 43.25 (sexual performance by a child) with Tex. Penal Code § 22.011 (sexual assault). Addressing this issue, the *Fujisaka* court noted:

> Although there is some overlap between the offenses set forth in Title Five of the penal code, addressing offenses against persons, and the offenses set forth in Title Nine of the penal code, addressing offenses against public order and decency, we see no necessary inconsistency between the provisions of these titles and no reason why the age of consent to sexual relations in the Title Five offenses need be the same as the threshold age for prosecutions of conduct violative of public order and decency in Title Nine. Compare §§ 21.11(a), 22.011(a)(2), (c)(1), and 22.021(a)(1)(B), (b)(1) (criminalizing sexual conduct with persons younger than seventeen years of age), with §§ 43.02(c)(3), 43.03(b)(2), 43.04(b), 43.251(a)(1), and 43.26(a)(1) (criminalizing or enhancing punishment for offenses involving persons younger than eighteen years of age). Appellant has not provided any authority mandating an age limit on regulations aimed at protecting children and society from adults exploiting children for sexual purposes. We do not find the argument persuasive that the age restriction cannot be set by the legislature at seventeen years for some purposes and eighteen years for others. *See, e.g.*, 18 U.S.C.A. § 2256(1) (West 2015) (defining "minor" as "any person under the age of eighteen years" for purposes of federal law prohibiting the sexual exploitation and other abuse of children). Appellant's suggestion that we interpret the statute to encompass only sexual conduct or sexual performances that are otherwise proscribed by Title Five offenses does not fully grasp the significance of the government's compelling interest in protecting children from sexual exploitation. *See New York v. Ferber*, 458 U.S. 747, 757, 102 S. Ct. 3348, 73 L.Ed.2d 1113 (1982) (recognizing "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance").

*Fujisaka*, 472 S.W.3d at 800–01.

The *Dornbusch* court, also considering a challenge to section 43.25, noted:

Furthermore, section 21.11 [the indecency-with-a-child statute] is in the part of the penal code that criminalizes offenses against persons, whereas section 43.25 is in the part of the code that criminalizes offenses against the public decency and order. *See* §§ 21.11, 43.25(b). A helpful analogy can be drawn between inducement of sexual conduct by a child and prostitution. Both are offenses against the public decency and order. Prostitution is not a crime against the prostitute; it is an offense against the "public decency and order" because it violates the moral values of society. *See* Tex. Pen. Code Ann. § 43.02 (Vernon 2003). Consequently, a prostitute's consent to sex in exchange for money does not make the conduct legal. It still amounts to prostitution. Similarly, although an adult's consensual sexual contact with a seventeen-year-old cannot be prosecuted as indecency with a child, the teenager's consent to sex does not de-criminalize the adult's conduct under section 43.25(b) because the adult's conduct is a crime against the public, not against the teenager. *See* §§ 21.11, 43.25(b).

*Dornbusch*, 156 S.W.3d at 871.

*Fujisaka* and *Dornbusch* decided whether section 43.25 of the Penal Code was overbroad. Appellant here challenges section 43.26 of the Penal Code, but we find the reasoning of *Fujisaka* and *Dornbusch* persuasive as did our sister court. *Dehnert*, 605 S.W.3d at 891.

That the State does not permit sex with a child under the age of 17 for purposes of the sexual-assault statute or the indecency-with-a-child statute does not compel the conclusion that the age must be the same for the child-pornography statute. *Id.* Similarly, that a 17-year-old child can consent to sex does not compel the conclusion that the same child can consent to participate in pornography. *Id.* The sexual-assault statute is in the portion of the Penal Code prohibiting offenses against persons, while the child-pornography statute is in the section of the Penal Code prohibiting offenses against public order and decency. Given the different purposes of the statutes, the Legislature could have believed that public order and decency would be best served by prohibiting pornography involving all minors, even those who might be able to

9

consent to sex. *Dehnert*, 605 S.W.3d at 891. *See also United States v. Bach*, 400 F.3d 622, 629 (8th Cir.), cert. denied, 546 U.S. 901 (2005) ("the congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws[.]").

Based on this authority, the First Court rejected Dehnert's argument that section 43.26 was overbroad because it does not require the depiction of a crime, i.e. that the child be below the age of consent. *Id.* at 892. In light of *Dehnert* and the cases cited therein, we similarly reject appellant's argument that section 43.26 is overbroad because it prohibits possession of pornography that depicts 17-year-olds. We therefore overrule appellant's first issue.

## IV. The Texas Constitution does not provide greater protection of speech than the First Amendment in this case.

In appellant's second issue he asserts section 43.26 is facially unconstitutional under article I, section 8 of the Texas Constitution[2] for the same reason raised in his first issue. Relying on *Davenport v. Garcia*, 834 S.W.2d 4, 8 (Tex. 1992), appellant contends that the Texas Constitution provides broader protection, not in the sense that article I, section 8 can be read more broadly than the First Amendment, but "in the narrower context of Texas, rather than the republic." In this regard, appellant relies again on the age of consent in Texas, a proposition we rejected in disposing of appellant's first issue.

As noted by our sister court in *Dehnert* and this court, The Supreme Court of Texas has not interpreted article I, section 8 of the Texas Constitution more broadly

---

[2] "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press."

than the First Amendment in any case that does not involve an issue of a prior restraint on free speech. *Tex. Dep't of Transp. v. Barber*, 111 S.W.3d 86, 106 (Tex. 2003); *Sanchez v. Striever*, 614 S.W.3d 233, 244 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Dehnert*, 605 S.W.3d at 895–96. This case does not involve an issue of a prior restraint on free speech, and appellant has shown no reason, based on "the text, history, or purpose of Article I, Section 8," for us to expand the protections afforded beyond those provided by the First Amendment. *Barber*, 111 S.W.3d at 106 (quoting *Operation Rescue-Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 975 S.W.2d 546, 559 (Tex. 1998)). We therefore overrule appellant's second issue asserting state constitutional grounds.

## V. Punishing the possession of child pornography involving "exhibition of . . . the anus, or any portion of the female breast below the top of the areola" is not unconstitutional under the United States Constitution.

In appellant's third issue he contends that section 43.26 is overbroad because its definition of "sexual conduct" forbids the "lewd exhibition of . . . the anus, or any portion of the female breast below the top of the areola." *See* Tex. Penal Code § 43.25(a)(2). Appellant, relying on *Miller v. California* and *New York v. Ferber*, contends that, while there can be lewd exhibition of the genitals, there can be no lewd exhibition of the anus or female breast below the top of the areola. *See Miller*, 413 U.S. 15, 25 (1973) (interpreting statute prohibiting lewd exhibition of genitals); *Ferber*, 458 U.S. at 751 (same). Because the statutes interpreted in *Miller* and *Ferber* both prohibited lewd exhibition of the genitals, and did not include other body parts, appellant argues that the Texas statute is unconstitutionally overbroad because "the Supreme Court has never included in its definition of 'child pornography' anything resembling" the Texas statute's prohibition of the lewd exhibition of body parts other than genitalia.

We agree with our sister court. *See Dehnert*, 605 S.W.3d at 892–93. The

11

*Dehnert* court noted that the Supreme Court's prohibition against child pornography cannot be read as narrowly as appellant suggests. *Id.* at 892. Relying on the Supreme Court's decision in *Osborne*, 495 U.S. at 106 and dicta in the Texas Court of Criminal Appeals' opinion in *Savery v. State*, 819 S.W.2d 837, 838 n.1 (Tex. Crim. App. 1991), the *Dehnert* court held that section 43.26 was not unconstitutionally overbroad because it prohibits the lewd exhibition of body parts other than genitalia. *Id.* at 893.

Under the Supreme Court's reasoning in *Osborne*, "the crucial question is on whether the depiction is lewd, not whether the depiction happens to focus on the genitals or the buttocks." 495 U.S. at 114, n.11. As noted in *Osborne*, depictions of nudity, without more, constitute protected expression. *Id.* at 112. The Ohio statute reviewed in *Osborne*, and the Texas statute, survive overbreadth scrutiny because both statutes avoid penalizing individuals for viewing or possessing innocuous photographs of naked children. The Texas statute also focuses on the lewd exhibition of, among other things, the anus or the female breast below the top of the areola. *See* Tex. Penal Code § 43.25(a)(2). Thus, section 43.26(a) is not unconstitutionally overbroad because it includes more body parts than genitalia. *See Dehnert*, 605 S.W.3d at 892–93. We overrule appellant's third issue.

## VI. Punishing the possession of child pornography involving "simulated" sexual conduct is not unconstitutional under the United States Constitution.

Appellant next argues that section 43.26 is overbroad because it forbids the possession of images involving children involved in "simulated" sexual contact. Specifically, appellant argues that, "images involving simulated sexual conduct, which have no proximate link to any valid crime, do not fall into the narrow category of *child pornography*, and so are protected speech." (emphasis in original)

12

As noted above, real child pornography is not protected speech under the First Amendment. *Osborne*, 495 U.S. at 110; *Ferber*, 458 U.S. at 747. But virtual child pornography—sexually explicit images "created by using adults who look like minors or by using computer imaging"—is protected speech. *United States v. Mecham*, 950 F.3d 257, 260 (5th Cir. 2020), cert. denied, 141 S. Ct. 139, 207 L. Ed. 2d 1082 (2020) (quoting *Free Speech Coalition*, 535 U.S. at 239).

In *Porath v. State*, 148 S.W.3d 402, 414–15 (Tex. App.—Houston [14th Dist.] 2004, pet. denied), this court considered and rejected the argument that appellant asserts today. In *Porath*, the defendant argued that section 43.26 was overbroad and violated the First Amendment because "it draws no distinction between possession of actual child pornography and child pornography created by digital or computer imaging," i.e., simulated sexual conduct. In rejecting this argument, we stated:

> [A]ppellant relies on *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S. Ct. 1389, 152 L.Ed.2d 403 (2002). In *Free Speech Coalition*, the United States Supreme Court considered a challenge to the Child Pornography Prevention Act of 1996 ("CPPA"). *Id.* at 239, 122 S. Ct. 1389. The CPPA extended the federal prohibition of child pornography to sexually explicit images that "appear to" depict minors engaging in sexual conduct, but are produced without using any real children. *Id.* Because the statute prohibited both protected and unprotected speech, the Court held that the statute was unconstitutional to the extent it regulated virtual images or images that merely appeared to depict children engaged in sexual conduct. *Id.* at 256, 122 S.Ct. 1389. In so holding, however, the Court also observed, "[t]he freedom of speech has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children." *Id.* at 246, 122 S. Ct. 1389.

> In Texas, it is an offense to knowingly or intentionally possess "visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct" if the person "knows that the material depicts the child" engaging in sexual conduct. Tex. Pen. Code Ann. § 43.26(a) (Vernon 2003). Unlike the federal statute, the plain language of the Texas statute

indicates that it prohibits only possession of material that depicts an actual child, not material that merely "appears" to depict a child. *Id*.

Because section 43.26(a) only prohibits pornography depicting actual children, the statute is not vague or overbroad. *Webb v. State*, 109 S.W.3d 580, 583 (Tex. App.—Fort Worth 2003, no pet.). Further, because pornography produced with actual children is not a category of speech protected by the First Amendment, the statute's prohibition of these materials does not violate the First Amendment. *Id*.; *see also Free Speech Coalition*, 535 U.S. at 246, 122 S. Ct. 1389.

*Porath*, 148 S.W.3d at 414–15.

Appellant has not cited authority, nor have we found any, that overrules or undermines our holding in *Porath*. Under the binding authority of *Porath*, we reject appellant's contention that section 43.26 unconstitutionally criminalizes simulated sexual conduct. We overrule appellant's fourth issue.

## VII. Appellant waived his claim that a combination of "forms of overbreadth" render the statute unconstitutional.

In appellant's fifth issue he contends that, "If any of the three reasons that the statute applies to constitutionally protected speech were not sufficient to render the statute *substantially* overbroad, then the *combination* of ways that the statute applies to constitutionally overbroad speech would be." (emphasis in original) Appellant waived this issue by failing to raise it in the trial court. *See* Tex. R. App. P. 33.1; *See State v. Condran*, 951 S.W.2d 178 (Tex. App.—Dallas 1997), *pet. dism'd as improv. granted*, 977 S.W.2d 144 (Tex. Crim. App. 1998); *Galvan v. State*, 869 S.W.2d 526, 528 (Tex. App.—Corpus Christi 1993, pet. ref'd) (When reviewing an appeal from the denial of a pretrial application for writ of habeas corpus, we review the record as it existed before the trial court at the time of the habeas hearing). We overrule appellant's fifth issue because it was not preserved for review.

## CONCLUSION

Having considered and rejected all reasons advanced by appellant for holding Penal Code section 43.26 unconstitutionally overbroad, we overrule appellant's issues and affirm the trial court's judgments denying appellant's applications for writ of habeas corpus.


/s/     Jerry Zimmerer
Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.

Publish — Tex. R. App. P. 47.2(b).